**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4682

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

SHEILA ROCHELLE NEAL,

       Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00261-NCT-3)

Submitted:  March 31, 2011        Decided:  April 4, 2011

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant.  John W. Stone, Jr., Acting United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sheila R. Neal appeals the 120-month sentence imposed by the district court following a guilty plea to conspiracy to distribute 500 grams or more of cocaine and fifty grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 846, 841(a), (b)(1)(A) (2006). On appeal, Neal contends that the district court erred in concluding that she was ineligible for a downward departure based on the safety valve provision in 18 U.S.C. § 3553(f) (2006) and U.S. Sentencing Guidelines Manual ("USSG") § 5C1.2(a)(1)-(5) (2009). Specifically, Neal contends that the district court improperly found that she failed to prove that she had truthfully provided to the Government all of the information that she had concerning the offense. We affirm.

A district court's determination of whether a defendant has satisfied the safety valve criteria is a question of fact reviewed for clear error. United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997). This deferential standard of review requires reversal only if we are "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

A district court shall impose a sentence within the applicable guideline range, but without regard to any mandatory minimum sentence if a defendant meets five requirements. 18

U.S.C. § 3553(f); USSG § 5C1.2. These requirements are: (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or credible threats of violence in connection with the offense; (3) the offense did not result in death or serious bodily injury; (4) the defendant was not an organizer, leader, manager, or supervisor; and (5) the defendant truthfully provides the Government with all evidence the defendant has concerning the offense. 18 U.S.C. § 3553(f)(1)-(5); USSG § 5C1.2(a)(1)-(5). The defendant bears the burden to show "that the prerequisites for application of the safety valve provision, including truthful disclosure has been met." United States v. Beltran-Ortiz, 91 F.3d 665, 669 (4th Cir. 1996). The district court is "free to reject a defendant's claim of full disclosure for credibility reasons." Id. at n.4.

Our review of the record leads us to conclude that the district court did not clearly err in finding that Neal failed to establish that she had satisfied the requirements of 18 U.S.C. § 3553(f), USSG § 5C1.2. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED